UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E**RIC** K**NIGHT**,

    Plaintiff,

v.

O**CWEN** L**OAN** S**ERVICING**, LLC

    Defendant.

_____/

Case No. 17-cv-11491

U**NITED** S**TATES** D**ISTRICT** C**OURT** J**UDGE**
G**ERSHWIN** A. D**RAIN**

U**NITED** S**TATES** M**AGISTRATE** J**UDGE**
S**TEPHANIE** D**AWKINS** D**AVIS**

## <u>O**PINION AND** O**RDER** D**ENYING** D**EFENDANT'S** M**OTION TO** D**ISMISS** C**OUNTS** III **AND** IV **OF** P**LAINTIFF'S** S**ECOND** A**MENDED** C**OMPLAINT** [30]</u>

**I.**     **Introduction**

Plaintiff Eric Knight commenced this action on May 10, 2017, alleging the Defendant Ocwen Loan Servicing, LLC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and certain state laws. Dkt. No. 1. Knight amended his Complaint for the first time on July 15, 2017, and the Defendant moved to dismiss the First Amended Complaint. *See* Dkt. Nos. 12, 16.

The Court granted in part and denied in part Defendant's Motion to Dismiss the First Amended Complaint. Dkt. No. 24. The Court held that the statute of limitations had expired on some of Plaintiff's TCPA claims, but allowed Knight's non-expired TCPA claims to proceed. *See id.* Plaintiff's negligence claim under Michigan law and his Michigan Occupational Code claim did not survive the Motion

to Dismiss. *See id.* But, the Court granted the Plaintiff leave to amend the Complaint to add claims under the Michigan Collection Practices Act ("MCPA"), §§ 445.251 *et seq*. *See id.*

Knight filed a Second Amended Complaint on November 7, 2017. *See* Dkt. No. 28. On November 15, 2017, the Defendant moved to dismiss Counts III and IV of Plaintiff's Second Amended Complaint. Dkt. No. 30. Count III is a claim for negligent violations of the MCPA, and Count IV is a claim for willful violations of that Act. *See* Dkt. No. 28, p. 14 (Pg. ID 271).

Presently before the Court is the Defendant's Motion to Dismiss Counts III and IV of the Plaintiff's Second Amended Complaint [30]. The motion is fully briefed. The Court held a hearing on the motion on Tuesday, March 13, 2018 at 3:00 p.m. Ruling from the bench, the Court DENIED the Defendant's Motion to Dismiss Counts III and IV of the Second Amended Complaint [30]. Plaintiff's claims for negligent and willful violations of the MCPA will therefore survive the motion. The reasons for the Court's decision are detailed below.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a court to assess whether a plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give

2

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[E]ven though the complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

A court must construe the complaint in favor of a plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *Twombly*, 550 U.S. at 570. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). To survive a Rule 12(b)(6) motion, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 553–54). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal citations and quotations omitted). The plausibility standard requires

3

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679. (internal citations and quotations omitted).

## III. Discussion

The Defendant seeks dismissal of Counts III and IV of Plaintiff's Second Amended Complaint. Dkt. No. 30. Counts III and IV are for negligent and willful violations of the MCPA, respectively. The parties do not dispute the merits of Plaintiff's MCPA claims. Rather, they disagree about whether the Defendant is subject to the MCPA. Because the Court finds that the Act applies to the Defendant, the Court will deny the Defendant's Motion to Dismiss Claims III and IV of Plaintiff's Complaint [30]. Plaintiff's claims for negligent and willful violations of the MCPA, then, will continue in this action.

### A. "Regulated Person" under the MCPA

The sole issue for resolution here is whether Ocwen is a "regulated person" under the MCPA. The answer to that question is "yes," and thus, Claims III and IV of the Second Amended Complaint will survive the Motion to Dismiss.

The MCPA only applies to "regulated persons." *See* MICH. COMP. LAWS § 445.251(g). In pertinent part, the MCPA defines "regulated person" as:

> A person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including any of the following . . .
>> *(ii)* A state or federally chartered bank that collects its own claim.
>> . . .
>> *(vii)* A business that is licensed by this state under a regulatory act that regulates collection activity.

MICH. COMP. LAWS § 445.251(g)(ii), (vii).

Based on its statutory definition, "regulated persons" includes Ocwen. All agree Ocwen is a mortgage loan servicer licensed under Michigan laws. Specifically, Ocwen is licensed under the following Michigan state laws: (1) the Mortgage Brokers, Lenders, and Servicers Licensing Act, MICH. COMP. LAWS § 445.1651; and (2) the Secondary Mortgage Loan Act, MICH. COMP. LAWS § 493.51. Dkt. No. 32, pp. 13–14 (Pg. ID 319); *see also* Dkt. No. 33, p. 2 (Pg. ID 334). And absent from Ocwen's briefings is any argument that these statutes do not regulate collection activity.

Yet in resisting the motion, Ocwen contends a pair of cases demonstrate that it is not subject to the MCPA—*Casper v. Nationstar Mortg. LLC*, No. 14-cv-14251, 2015 WL 13376708, (E.D. Mich. June 2, 2015), and *Botsford v. Bank of Am., N.A.*, No. 13–13379, 2014 WL 4897529 (E.D. Mich. Sept. 30, 2014). Ocwen is mistaken, however, as these cases are distinguishable.

Knight argues, and the Court agrees, that in deciding whether a mortgage loan servicer was a "regulated person," both of these cases only analyzed one provision,

and that provision is not relevant here: if a state or federally chartered bank is collecting its own claim. *See* MICH. COMP. LAWS § 445.251(g)(ii). Thus, the provision at issue in this case—status as a business licensed by Michigan under a regulatory act that regulates collection activity, MICH. COMP. LAWS § 445.251(g)(vii)—was not discussed.

In *Casper*, for example, the court held the MCPA did not apply to a mortgage-loan servicer because it was collecting a claim on behalf of a federally charted bank, and not its own claim. 2015 WL 13376708, at *5. Likewise, as Bank of America is a federally chartered bank and in *Botsford* was not collecting on its own claim, the *Botsford* court concluded Bank of America was not subject to the MCPA. *Id.* at *12.

Ocwen, though, does not maintain it is a state or federally chartered bank. As a result, MICH. COMP. LAWS § 445.251(g)(ii) is inapplicable, rendering Ocwen's reliance on *Casper* and *Botsford* misplaced. Without authority to the contrary, the plain language defining "regulated person" establishes that Plaintiff's claim must survive the 12(b)(6) motion.

What is more, case law reinforces the conclusion that Ocwen must comply with the MCPA. *Misleh v. Timothy E. Baxter & Assocs.*, 786 F. Supp. 2d 1330, 1336 & n.5 (E.D. Mich. 2011), is instructive. Although deciding whether a law firm collecting debt for another was subject to the MCPA, the court determined "a person or entity engaged in debt collection activities is either a 'collection agency' under

6

the Michigan Occupational Code or a 'regulated person' under the MCPA, but not both." *Id.* at 1337 (citing *McKeown v. Mary Jane M. Elliott, P.C.*, No. 07–12016, 2007 WL 4326825, at *9 (E.D. Mich. Dec. 10, 2007); *Gradisher v. Check Enf't Unit, Inc.*, 133 F. Supp. 2d 988, 992–93 (W.D. Mich. 2001)).

The court based its decision on the relationship between the MCPA and the Michigan Occupational Code. *Id.* It explained that:

> The Occupational Code's definition of a "collection agency" includes language that exactly mimics the MCPA's definition of a "regulated person," with the result that those who are *excluded* from the definition of a "collection agency" are *included* as "regulated persons" under the MCPA. *Compare* Mich. Comp. Laws § 339.901(b) (providing that a "[c]ollection agency does not include a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency," and then specifying a non-exhaustive list of entities that are not collection agencies, including "[a]n attorney handling claims and collections on behalf of clients and in the attorney's own name"), *with* Mich. Comp. Laws § 445.251(g) (defining "regulated person" to *include* the persons excluded under the Occupational Code—namely, those "whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency").

*Id.* at 1337; *see also Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948, 966 (E.D. Mich. 2012).

Here, the Court previously determined that the Michigan Occupational Code does not regulate Ocwen because its collection activity is confined and directly related to conducting a business other than that of a collection agency. *See* Dkt. No. 24, pp. 17–18 (Pg. ID 244–45). Based on *Misleh*, then, Ocwen is a regulated person

7

under the MCPA. Accordingly, Counts III and IV of the Second Amended Complaint will survive the Defendant's Motion to Dismiss.

## IV. Conclusion

Ocwen moved to dismiss Counts III and IV of Plaintiff's Second Amended Complaint, arguing that Ocwen is not covered by the MCPA. The Defendant is subject to the MCPA, however. In light of the foregoing, the Court ruled from the bench at oral argument and DENIED Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Second Amended Complaint [30]. Accordingly, Plaintiff's claims for negligent (Count III) and willful (Count IV) violations of the MCPA will proceed.

IT IS SO ORDERED.

Dated: March 14, 2018   /s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 14, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

8